### State, ex rel. Loretto, v. Perry Twp. Bd. of Trustees
*[Cite as 7 AOA 165]*

*Case No. CA-8233*
*Stark County, (5th)*
*Decided October 15, 1990*

*Charles D. Hall, III, 205 Mellett Building, Canton, Ohio 44702, David Bridenstine, 530 Renkert Building, Canton, Ohio 44702 and Gust Callas, 1000 United Bank Plaza, 220 Market Avenue, South, Canton, Ohio 44702, for Plaintiffs-Appellees.*

*William R. Hines, 624 Market Avenue, North, Canton, Ohio 44702. William F. Kolis, Jr. and Evelyn P. Schonberg, 5800 Lombardo Centre, Suite 140, Cleveland, Ohio 44131-0358, for Defendants-Appellants.*

SMART, J.

This is an appeal from a declaratory judgment of the Court of Common Pleas of Stark County, Ohio, that concluded that defendant-appellee Perry Township Board of Trustees (Board) properly awarded a contract for repav-

ing certain streets and lots in Perry Township to defendant-appellee Central-Allied Enterprises, Inc. (Central) rather than to plaintiff-appellant superior Paving and Materials, Inc. (Superior).

This cause arose when, pursuant to R.C. 5575.02, the Board advertised for bids for a repaving project. Specifications split the project into three separate jobs, that the specifications permitted the bidders to present their bids either separately or as one bid. Four companies submitted sealed bids on the project; two of those companies are not parties to this action. Superior's bids were:

$626,487 on bid one, $129,833 on bid two, and $29,828 on bid three. The aggregate of those bids is $786,148. Central's bids were: "$600,923.45 on bid one, $155,600.84 on bid two, and $35,460 on bid three, for a total of $791,984.29.

The Board's specifications called for bids on a price per unit basis because the Board reserved the right to add or delete streets from the project. Central's bids numbers one and two were both computed on a unit pricing basis; Superior's bid one was unit priced but its bid two was lump sum.

The day after the bids were opened, Central sent two letters to the Board. In them, Central informed the Board that there was a difference between the quantities of materials required by taking actual field measurements of the project area and the quantities of materials as listed in the specifications for bid two. Central advised because of the difference, it would guarantee that the actual quantities multiplied by the bid unit prices submitted would not exceed a lump sum price of $119,587.36. It is the legal posture of Central's letters which is the issue in this case.

Several days after the bids were opened, Superior also sent a letter to the Board advising that it intended for its bid to be considered for the total project rather than as three separate bids, and would not accept a contract on less than all three.

The Board referred the matter to counsel, who gave as his opinion that Central's letters should be treated as clarification of its bid. Counsel determined that Central was the low bidder on bids one and two. Superior was low bidder on bid three, but because of its all or nothing policy, Central should be declared the low bidder on bid three as well.

Superior and a taxpayer, Mark Loretto, filed an action for declaratory and injunctive relief. The trial court issued a temporary restraining order enjoining Central from beginning work on the project. That injunction was subsequently dissolved and Central began work on the project.

Superior assigns two errors to the trial court:

"I. THE COMMON PLEAS COURT ERRED IN DETERMINING THAT THE DEFENDANT, CENTRAL ALLIED ENTERPRISES' BID OF REDUCTION OR MODIFICATION WAS A BID CLARIFICATION.

"II. THE COMMON PLEAS COURT ERRED IN DETERMINING THAT THE TOWNSHIP PROPERLY AWARDED THE CONTRACT TO CENTRAL ALLIED ENTERPRISES.

I

R.C. 5575.02 states:

"After the board of township trustees has decided to proceed with a road improvement, it shall advertise for bids once, not later than two weeks prior to the date fixed for the letting of contracts, in a newspaper published in the county and of general circulation within such township, but if there is no such paper published in the county then in one having general circulation in the township. Such notice shall state that copies of the surveys, plans, profiles, cross sections, estimates, and specifications for such improvement are on file with the board, and the time within which bids will be received. The board may let the work as a whole or in convenient sections, as it determines. The contract shall be awarded to the lowest and best bidder who meets the requirements of section 153.54 of the Revised Code, and shall be let upon the basis of lump sum bids, unless the board orders that it be let upon the basis of unit price bids, in which event it shall be let upon such basis."

The trial court found as a matter of law that the letters that Central sent to the Board were a clarification, citing *Cedar Bay Construction Co. v. Fremont* (1990), 50 Ohio St. 3d 19. Superior urges that the instant case is distinguishable from *Cedar Bay*.

In *Cedar Bay*, the lowest bidder substituted cheaper equipment manufactured by a company it considered to be the equal of the manufacturer listed in the specifications. The city met with the lowest bidder and was assured that the

price would remain the same even if it utilized the manufacturer named in the specification. Superior urges that in *Cedar Bay* the actual bid remained the same, while here, Central actually lowered its bid to become the low bidder.

In response, Central maintains that Superior cannot show by clear and convincing evidence that the Board abused its discretion in awarding the contract as it did. The Board is entitled to the presumption of regularity, *Cedar Bay, supra*, at 21 (citations omitted). Abuse of discretion means more than an error in law or judgment, but rather implies an unreasonable, arbitrary, or unconscionable attitude, *Id* at 22 (citations omitted).

The parties stipulated to the facts at the trial court, and the trial court made findings of fact as well as conclusions of law. The findings of fact are unchallenged on appeal.

We find based upon the findings of fact that the Board did not violate any provision of this statute. We further find that the trial court was correct in determining that Central's letters were a clarification or interpretation of its original bid, not a modification or alteration of it. We agree that the Board was not unreasonable, arbitrary, or unconscionable in considering Central's letters, in interpreting the bids and awarding the contract.

The first assignment of error is overruled.

## II

In its second assignment of error, Superior urges that the contract was unfairly awarded to Central because Central based its bid on information not in the bid specifications. Central advised the court that the actual measurements were some 5,000 units less than the amount of the bid specifications and Superior urges that in order to award the contract to Central, the Board had to base its award on the new criteria rather than on those that were the bases for the specifications. Superior maintains it should have been informed of the change in bid specifications and been permitted to re-bid based upon the change.

Central responds that its bid when originally offered was made based upon unit price, as called for in the specifications, and therefore its bid had flexibility to vary given whatever streets were added or deleted from the paving schedule. Superior made only lump sum bid, and its bid lacked this flexibility. Central suggests that the Board would not be able to tell what Superior's contract price would be given any additions or deletions. It concludes that Superior's bid was void because it was unresponsive to the specifications that called for unit pricing rather than lump sum.

We find that the trial court did not err in concluding that the contract was properly awarded to Central.

Superior also urges that no written contract was executed and that for this reason the contract is not valid and properly awarded to Central.

Central responds that the trial court correctly determined that the parties had a valid and binding contract, upon which Central has since partially performed.

We find no error in the trial court's determination that a contract existed between the Board and Central.

The second assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Each party has requested attorney fees, Superior on the basis that this is a taxpayer's action, and Central alleging that this appeal was frivolous. We find that this appeal was not frivolous. We further find based upon our judgment entry of August 10, 1990, that this is not a taxpayer's action. The parties' requests for attorney fees are accordingly each denied.

PUTMAN, P.J., and GWIN, J., concur.